# Exhibit A

SUMMONS - CIRCUIT COURT 3101-1 (Rev. 03/2011)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |

**DOMENIC LORUSSO**
PLAINTIFF

vs

**MENARD, INC., ZHEJIANG HUAYUE ALU MFG CO LTD., SUN CASUAL FURNITURE, INC., et al.**
DEFENDANT

2015L000328

CASE NUMBER

**SUMMONS**
CIRCUIT COURT

☒ ORIGINAL ☐ ALIAS

File Stamp Here

To each Defendant: Zhejiang Huayue Alu Mfg Co Ltd., CT Corporation System, 208 S LaSalle St, #814, Chicago, IL 60604

You are Summoned and Required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service.

If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than thirty (30) days after its date.

**DATE OF SERVICE**

TO BE INSERTED BY OFFICER ON COPY LEFT WITH DEFENDANT OR OTHER PERSON

Name: SHERWOOD LAW GROUP ☐ PRO SE
DuPage Attorney Number: 253039
Attorney for: PLAINTIFF
Address: 218 N JEFFERSON STREET, #401
City/State/Zip: CHICAGO, IL 60661
Telephone Number: 312-627-1650

WITNESS:

DOROTHY BROWN

Electronically Issued
Date 04/08/2015 Clerk of the Eighteenth Circuit Court and the seal thereof, Wheaton,

CHRIS KACHIROUBAS, Clerk
Date

By MARY SALEMI
Deputy Clerk

3670400

NOTE:
The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing.

If you need legal advice concerning your legal responsibility as a result of this summons being serviced upon you and you don't have a lawyer, you can call the DuPage Bar Association, Lawyer Referral Service at 630-653-9109.

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707

Document received on 2015-04-08.16.16.24.0 Document accepted on 04/08/2015 16:31:51 # 3670400/17043356400

DIE DATE 05/01/2015

DOC TYPE: SUMMONS
CASE NUMBER: 15L000328
DEFENDANT ZHEJIANG HUAYUE ALU MFG CO. LTD.
208 S LASALLE ST
STE 814
CHICAGO, IL 60604

SERVICE INF C/O CT COR ATTACHED

SUMMONS - CIRCUIT COURT                                                   3101-2 (Rev. 03/2011)

## SHERIFF'S FEES

Service and return .................................................................... $ _____

Miles _____ .................................................................... $ _____

    **Total** .................................................................................... $ _____

Sheriff of _____ County

## SHERIFF'S RETURN

I certify that I served this summons on defendant as follows:

☐ (a) (Individual - **personal**):
By leaving a copy and a copy of the complaint with each individual as follows:

☐ (b) (Individual - **abode**):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode, as follows:

☐ (c) (Corporation):
By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation as follows:

☐ (d) (Other service):

☐ (e) (Unable to Serve):
By _____, Deputy Badge Number: _____

Name of Defendant _____    Name of Defendant _____
Name of Person                            Name of Person
summons given to _____     summons given to _____
Sex _____ Race _____ Approx. age _____   Sex _____ Race _____ Approx. age _____
Place of service _____     Place of service _____
City, State _____          City, State _____
Date of service _____ Time _____   Date of service _____ Time _____
Date of Mailing _____      Date of Mailing _____
                                         Sheriff of _____ County
Special Process Server of _____    County Illinois License # _____
                                         By _____

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707
Document received on 2015-04-08.16.16.24.0 Document accepted on 04/08/2015 16:31:51 # 3670400/17043356400

STATE OF ILLINOIS        )
                         ) SS
COUNTY OF DUPAGE         )

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

| | | |
|---|---|---|
| DOMENIC LORUSSO | ) | |
| | ) | 2015L000328 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: |
| | ) | |
| MENARD, INC., ZHEJIANG HUAYUE | ) | |
| ALU MFG CO LTD., SUN CASUAL | ) | |
| FURNITURE, INC. and HC | ) | |
| INSURANCE SERVICES. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, DOMENIC LORUSSO, by and through his attorneys, SHERWOOD LAW GROUP, LLC and complaining of the Defendants, MENARD, INC., ZHEJIANG HUAYUE ALU MFG CO LTD., SUN CASUAL FURNITURE, INC. and HUAYE CASUAL LLC states as follows:

### GENERAL ALLEGATIONS

1. On and before May 2, 2013 Plaintiff, DOMENIC LORUSSO, resided at 561 Sixth Avenue in the City of Addison, County of DuPage, State of Illinois.

2. On and before May 2, 2013, Defendant, MENARD, INC. ("MENARDS") is a corporation incorporated in the state of Wisconsin, doing business in Illinois, with its local registered agent located at 801 Adlai Stevenson Drive, City of Springfield, State of Illinois.

3. On and before May 2, 2013, Defendant, ZHEJIANG HUAYUE ALU MFG CO LTD. ("HUAYUE") was a Chinese corporation with its principal domestic branch located at 301

Broadway Drive, City of Sun Prairie, State of Wisconsin and was conducting business in DuPage County, Illinois. Huayue's local registered agent is located at 208 S. LaSalle St. Suite 814, City of Chicago, State of Illinois.

4. On and before May 2, 2013, Defendant, SUN CASUAL FURNITURE, INC. (hereinafter "SUN CASUAL"), was a Wisconsin corporation with its principal place of business located at 2655 Research Park Dr., City of Fitchburg, State of Wisconsin and was conducting business in DuPage County, Illinois.

5. On and before May 2, 2013, Defendant, HUAYE CASUAL LLC (hereinafter "HC"), was a Wisconsin limited liability company with its principal place of business located at 301 Broadway Drive, City of Sun Prairie, State of Wisconsin and was conducting business in DuPage County, Illinois. HC's local registered agent is located at 208 S. LaSalle St. Suite 814, City of Chicago, State of Illinois.

6. On and before May 2, 2013, Defendant, MENARDS, was a retail store in the business of selling a variety of goods and furniture to Illinois consumers.

7. On and before May 2, 2013, Plaintiff, DOMENIC LORUSSO, was shopping at the retail store of Defendant, MENARDS located at 521 E. North Ave Glendale Heights, IL, County of DuPage, State of Illinois.

8. On and before May 2, 2013, Defendant, MENARDS, placed patio furniture chairs in the "patio" section of the MENARDS store at the aforementioned location.

9. On and before May 2, 2013, Defendant, MENARDS, did not place signs or instructions warning customers to neither sit nor use the installed and functional patio furniture in the patio section of MENARDS.

2

Document received on 2015-04-08-16.16.24.0 Document accepted on 04/08/2015 16:32:01 # 3670400/17043356400

10. On and before May 2, 2013, Defendant, HUAYUE, was in the business of manufacturing patio furniture chairs and other similar goods to Illinois consumers.

11. On and before May 2, 2013, Defendant, SUN CASUAL, was in the business of manufacturing patio furniture chairs and other similar goods to Illinois consumers.

12. On and before May 2, 2013, Defendant, HC, was in the business of producing patio furniture chairs and other similar goods to Illinois consumers.

13. On and before May 2, 2013, Defendant, MENARDS, contracted with Defendants HUAYUE, SUN CASUAL, and HC, to purchase and sell a variety of their goods, including patio furniture chairs manufactured and produced by Defendants HUAYUE, SUN CASUAL, and HC.

14. On and before May 2, 2013, Defendant, MENARDS, placed the patio furniture chairs manufactured and produced by Defendants, HUAYUE, SUN CASUAL, and HC, in the patio section of the MENARDS store at the aforementioned location.

15. On and before May 2, 2013, Defendant, MENARDS, did not place signs or instructions warning customers to neither sit nor use the installed and functional patio furniture chairs manufactured by Defendants, HUAYUE, SUN CASUAL, and HC.

16. On and before May 2, 2013, an unknown MENARDS employee was assigned to assemble and place the patio furniture chairs manufactured by the Defendants, HUAYUE, SUN CASUAL, and HC, to be displayed in the patio furniture section of the aforementioned MENARDS store.

17. On May 2, 2013, while shopping in the patio section of the MENARDS store, Plaintiff, DOMENIC LORUSSO, sat down on a display patio furniture chair that was manufactured and produced by Defendants, HUAYUE, SUN CASUAL, and HC.

3

18. Immediately upon sitting in the patio furniture chair, Plaintiff, DOMENIC LORUSSO, fell to the ground due to the chair malfunctioning and breaking.

19. Plaintiff, DOMENIC LORUSSO, sat in and used the chair in a proper, correct and with ordinary care with the intention to potentially purchase the product.

## COUNT I – MENARD, INC.
### Negligence

20. Plaintiff adopts and re-alleges paragraphs One (1) through Nineteen (19) of the General Allegations of this Complaint at Law as paragraph Twenty (20) of Count One.

21. On and before May 2, 2013, Defendant, MENARDS, through its agents, servants and employees, knew or should have known about the dangerous condition of the patio furniture that were on display in the patio furniture section of the MENARDS store.

22. On and before May 2, 2013, an unknown MENARDS employee, acting in his capacity as an employee, agent, or servant of the Defendant, MENARDS, owed a duty of reasonable care in the placement of the patio furniture chair to ensure that the chair would be safe and suitable for normal use by consumers and invitees to the store, including Plaintiff, DOMENIC LORUSSO.

23. Notwithstanding this duty, on May 2, 2013, the unknown MENARDS employee, in his capacity as an employee, agent, or servant of defendant, MENARDS, was then and there guilty of one or more of the following acts and/or omissions:

(a) Failed to properly inspect the Patio Furniture Chair to make sure it was safe and suitable for normal use prior to installation on the showroom floor in the patio furniture section;

(b) Failed to properly evaluate whether the Patio Furniture Chair was appropriately assembled and built for use by MENARDS guests, invitees, customers and consumers;

4

(c) Failed to properly assemble and place the Patio Furniture Chair in the patio section show room floor of MENARDS;

(d) Failed to properly secure and tighten the Patio Furniture Chair after placement for consumer use;

(e) Failed to properly ensure that the Patio Furniture Chair installed was secure, sturdy, and safe and suitable for use by Plaintiff and other invitee guests and customers after installation;

(f) Failed to warn the Plaintiff of the dangerous conditions of the Patio Furniture Chair, when the defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(g) Failed to correct the hazardous conditions of the Patio Furniture Chair when Defendant, MENARDS, knew or should have known, or in exercising ordinary care should have known of hazards it posed to Plaintiff;

OR

(h) Was otherwise careless and or negligent;

24. As a direct and proximate result, in whole or in part of one or more of the above-mentioned wrongful acts or omissions of the Defendant, MENARDS, the Plaintiff, DOMENIC LORUSSO was greatly bruised and injured; his neck and back along with diverse bones, tissues, muscles and ligaments were torn, strained and injured; said injuries will result in the permanent disability of the Plaintiff. These injuries caused the Plaintiff to experience the loss of his normal enjoyment of life. Plaintiff suffered pain, shock, and became sick and disabled during which time he was caused to expend a considerable sum of money for medicines and medical care and attention, and will in the future be obligated to pay out and expend large sums of money for care and attention. Plaintiff lost time and money from his employment and will lose time and money from his employment in the future.

5

WHEREFORE, Plaintiff, DOMENIC LORUSSO, prays for judgment against the Defendant, MENARDS, in a sum in excess of Fifty Thousand ($50,000.00) Dollars and his costs of suit, pursuant to the Illinois Code of Civil Procedure.

## COUNT II – ZHEJIANG HUAYUE ALU MFG CO LTD.
### Products Liability

25. Plaintiff adopts and re-alleges paragraphs One (1) through Nineteen (19) of the General Allegations of this Complaint at Law as paragraph Twenty-Five (25) of Count Two.

26. On and before May 2, 2013, Defendant HUAYUE manufactured and produced various patio furniture chairs which were purchased by Defendant MENARDS to be sold to prospective consumers.

27. On and before May 2, 2013, Defendant HUAYUE contracted with Defendant MENARDS for the purpose of providing customers, including Plaintiff, patio furniture chairs for purchase.

28. On and before May 2, 2013, Defendant HUAYUE, by and through its agents, servants, and employees, was responsible for manufacturing and production of the patio furniture chairs purchased by Defendant MENARDS.

29. On and before May 2, 2013, Defendant HUAYUE, through its agents, servants and employees, owed a duty of reasonable care in the manufacturing of the patio furniture chairs purchased by Defendant MENARDS.

30. Notwithstanding this duty, on and before May 2, 2013 the Defendant, HUAYUE, by and through its agents, servants and employees, was then and there guilty of one or more of the following acts and/or omissions:

(a) Failed to properly manufacture and produce a safe and suitable Patio Furniture Chair;

6

(b) Failed to oversee the installation and assembly of the Patio Furniture Chair in the store of Defendant MENARDS by the unknown employee of MENARDS to ensure that installation and assembly was properly performed;

(c) Failed to properly test the Patio Furniture Chair to ensure that it was safe and suitable for use by the Plaintiff, and other prospective customers, on the show room floor of Defendant MENARDS;

(d) Failed to Provide Plaintiff a safe and suitable Patio Furniture Chair when it knew or should have known that Plaintiff, and other prospective consumers, would be using the Patio Furniture Chairs;

(e) Failed to warn the Plaintiff of the dangerous conditions of the Patio Furniture Chair installed by the unknown MENARDS employee, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(f) The Patio Furniture Chair was designed, manufactured, and sold without the ability to bear the weight of consumers;

OR

(g) Was otherwise careless and/or negligent;

31. These unreasonably dangerous conditions existed at the time the Patio furniture Chair left the control of HUAYUE.

32. As a direct and proximate result, in whole or in part of one or more of the above-mentioned wrongful acts or omissions of the Defendant, HUAYUE, the Plaintiff, DOMENIC LORUSSO was greatly bruised and injured; his neck and back along with diverse bones, tissues, muscles and ligaments were torn, strained and injured; said injuries will result in the permanent disability of the Plaintiff. These injuries caused the Plaintiff to experience the loss of his normal enjoyment of life. Plaintiff suffered pain, shock, and became sick and disabled during which time he was caused to expend a considerable sum of money for medicines and medical care and attention, and will in the future be obligated to pay out and expend large sums of money for care

7

and attention. Plaintiff lost time and money from his employment and will lose time and money from his employment in the future.

WHEREFORE, Plaintiff, DOMENIC LORUSSO, prays for judgment against the Defendant, HUAYUE, in a sum in excess of Fifty Thousand ($50,000.00) Dollars and his costs of suit, pursuant to the Illinois Code of Civil Procedure.

### COUNT III – SUN CASUAL FURNITURE, INC.
#### Products Liability

33. Plaintiff adopts and re-alleges paragraphs One (1) through Nineteen (19) of the General Allegations of this Complaint at Law as paragraph Thirty-Three (33) of Count Three.

34. On and before May 2, 2013, Defendant SUN CASUAL manufactured and produced various patio furniture chairs which were purchased by Defendant MENARDS to be sold to prospective consumers.

35. On and before May 2, 2013, Defendant SUN CASUAL contracted with Defendant MENARDS for the purpose of providing customers, including Plaintiff, patio furniture chairs for purchase.

36. On and before May 2, 2013, Defendant SUN CASUAL, by and through its agents, servants, and employees, was responsible for manufacturing and production of the patio furniture chairs purchased by Defendant MENARDS.

37. On and before May 2, 2013, Defendant SUN CASUAL, through its agents, servants and employees, owed a duty of reasonable care in the manufacturing of the patio furniture chairs purchased by Defendant MENARDS.

38. Notwithstanding this duty, on and before May 2, 2013 the Defendant, SUN CASUAL, by and through its agents, servants and employees, was then and there guilty of one or more of the following acts and/or omissions:

8

(a) Failed to properly manufacture and produce a safe and suitable Patio Furniture Chair;

(b) Failed to oversee the installation and assembly of the Patio Furniture Chair in the store of Defendant MENARDS by the unknown employee of MENARDS to ensure that installation and assembly was properly performed;

(c) Failed to properly test the Patio Furniture Chair to ensure that it was safe and suitable for use by the Plaintiff, and other prospective customers, on the show room floor of Defendant MENARDS;

(d) Failed to Provide Plaintiff a safe and suitable Patio Furniture Chair when it knew or should have known that Plaintiff, and other prospective consumers, would be using the Patio Furniture Chairs;

(e) Failed to warn the Plaintiff of the dangerous conditions of the Patio Furniture Chair installed by the unknown MENARDS employee, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(f) The Patio Furniture Chair was designed, manufactured, and sold without the ability to bear the weight of consumers;

OR

(g) Was otherwise careless and/or negligent;

39. These unreasonably dangerous conditions existed at the time the Patio furniture Chair left the control of SUN CASUAL.

40. As a direct and proximate result, in whole or in part of one or more of the above-mentioned wrongful acts or omissions of the Defendant, SUN CASUAL, the Plaintiff, DOMENIC LORUSSO was greatly bruised and injured; his neck and back along with diverse bones, tissues, muscles and ligaments were torn, strained and injured; said injuries will result in the permanent disability of the Plaintiff. These injuries caused the Plaintiff to experience the loss of his normal enjoyment of life. Plaintiff suffered pain, shock, and became sick and disabled during which time he was caused to expend a considerable sum of money for medicines and medical care and attention, and will in the future be obligated to pay out and expend large sums

9

of money for care and attention. Plaintiff lost time and money from his employment and will lose time and money from his employment in the future.

WHEREFORE, Plaintiff, DOMENIC LORUSSO, prays for judgment against the Defendant, SUN CASUAL, in a sum in excess of Fifty Thousand ($50,000.00) Dollars and his costs of suit, pursuant to the Illinois Code of Civil Procedure.

### COUNT IV – HUAYE CASUAL LLC
#### Products Liability

41. Plaintiff adopts and re-alleges paragraphs One (1) through Nineteen (19) of the General Allegations of this Complaint at Law as paragraph Forty-One (41) of Count Four.

42. On and before May 2, 2013, Defendant HC produced various patio furniture chairs which were purchased by Defendant MENARDS to be sold to prospective consumers.

43. On and before May 2, 2013, Defendant HC contracted with Defendant MENARDS for the purpose of providing customers, including Plaintiff, patio furniture chairs for purchase.

44. On and before May 2, 2013, Defendant HC, by and through its agents, servants, and employees, was responsible for manufacturing and production of the patio furniture chairs purchased by Defendant MENARDS.

45. On and before May 2, 2013, Defendant HC, through its agents, servants and employees, owed a duty of reasonable care in the manufacturing of the patio furniture chairs purchased by Defendant MENARDS.

46. Notwithstanding this duty, on and before May 2, 2013 the Defendant, HC, by and through its agents, servants and employees, was then and there guilty of one or more of the following acts and/or omissions:

    (a) Failed to properly manufacture and produce a safe and suitable Patio Furniture Chair;

10

(b) Failed to oversee the installation and assembly of the Patio Furniture Chair in the store of Defendant MENARDS by the unknown employee of MENARDS to ensure that installation and assembly was properly performed;

(c) Failed to properly test the Patio Furniture Chair to ensure that it was safe and suitable for use by the Plaintiff, and other prospective customers, on the show room floor of Defendant MENARDS;

(d) Failed to Provide Plaintiff a safe and suitable Patio Furniture Chair when it knew or should have known that Plaintiff, and other prospective consumers, would be using the Patio Furniture Chairs;

(e) Failed to warn the Plaintiff of the dangerous conditions of the Patio Furniture Chair installed by the unknown MENARDS employee, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(f) The Patio Furniture Chair was designed, manufactured, and sold without the ability to bear the weight of consumers;

OR

(g) Was otherwise careless and/or negligent;

47. These unreasonably dangerous conditions existed at the time the Patio furniture Chair left the control of HC.

48. As a direct and proximate result, in whole or in part of one or more of the above-mentioned wrongful acts or omissions of the Defendant, HC, the Plaintiff, DOMENIC LORUSSO was greatly bruised and injured; his neck and back along with diverse bones, tissues, muscles and ligaments were torn, strained and injured; said injuries will result in the permanent disability of the Plaintiff. These injuries caused the Plaintiff to experience the loss of his normal enjoyment of life. Plaintiff suffered pain, shock, and became sick and disabled during which time he was caused to expend a considerable sum of money for medicines and medical care and attention, and will in the future be obligated to pay out and expend large sums of money for care

11

and attention. Plaintiff lost time and money from his employment and will lose time and money from his employment in the future.

WHEREFORE, Plaintiff, DOMENIC LORUSSO, prays for judgment against the Defendant, HUAYE CASUAL LLC, in a sum in excess of Fifty Thousand ($50,000.00) Dollars and his costs of suit, pursuant to the Illinois Code of Civil Procedure.

Respectfully Submitted

JASON H. SHERWOOD
Attorney for the Plaintiff

SHERWOOD LAW GROUP, LLC
218 N. Jefferson, Suite #401
Chicago, IL 60661
Phone: 312.627.1650
Fax: 312.648.9503
Attorney Number 25039

12

Document received on 2015-04-08-16.16.24.0  Document accepted on 04/08/2015 16:32:01 # 3670400/17043356400