# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DOMENIC LORUSSO )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MENARD, INC.; ZHEJIANG HUAYUE )<br>ALUMINIUM MANUFACTURE CO )<br>LTD., and SUN CASUAL FURNITURE, )<br>INC. a.k.a. AMG INTERNATIONAL, LLC; )<br>)<br>Defendants. )<br>) | Case No. 15-cv-7208<br><br>Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Domenic Lorusso ("Lorusso") filed a three count complaint for negligence and products liability against the alleged manufacturers ("Zhejiang" and "AMG"[1]) and retail seller ("Menards") of a patio chair. Zhejiang and AMG filed separate motions to dismiss the claims brought against them. Zhejiang moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and AMG moves to dismiss pursuant to the "seller's exception" under Illinois law, 735 ILCS 5/2-621. For the reasons stated below, the Court grants both motions.

**Background**

The following facts are taken from the complaint. On May 2, 2013, while shopping in the patio section of a Menards store, Lorusso sat down on a display patio chair that was manufactured by Zhejiang and AMG. Dkt. 1-6 ¶ 17. Lorusso used the chair for its proper use and exercised ordinary care in using it. *Id.* ¶ 18. Nonetheless, the chair immediately fell apart when he sat in it and he fell to the ground. *Id.* ¶ 19. As a result, Lorusso suffered bruising, torn muscles and ligaments, and various

---

[1] Plaintiff sued Sun Casual Furniture, Inc., which the defendant claims is the wrong name for the real party in interest. According to the defendant, AMG International, LLC was previously known as Sun Casual Furniture Company, LLC. The Court will refer to the party as AMG.

other injuries. *Id.* ¶¶ 24, 32, 40. The Menards store where the alleged injury occurred is located in Illinois. *Id.* ¶ 7.

**Legal Standard**

Defendant Zhejiang brings a motion to dismiss for lack of personal jurisdiction. Such a motion requires the plaintiff to bear the burden of establishing a prima facie case that jurisdiction exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). If the defendant has submitted evidence in opposition to the exercise of jurisdiction, "the plaintiff must go beyond the pleadings and submit affirmative evidence" in support of jurisdiction. *Id.* at 783. Any conflict in the supporting materials submitted by the parties is resolved in favor of the plaintiff. *Id.* But "any facts in the defendant's affidavits that remain unrefuted by the plaintiff" are accepted as true. *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

AMG moves to dismiss pursuant to Illinois' "seller's exception," which requires dismissal of non-manufacturer defendants in a products liability suit if the manufacturer of the product has been identified and sued. 735 ILCS 5/2-621. For AMG to establish that it is a non-manufacturer entitled to dismissal, it must so certify in an affidavit and name the true manufacturer of the product at issue. *Id.* Pursuant to subparagraph (c) of the statute, the seller's exception does not apply if the plaintiff can show that the non-manufacturer defendant exercised control over the design and manufacture of the product, knew of the defect, or created the defect. 735 ILCS 5/2-621(c).

**Discussion**

*Zhejiang Motion to Dismiss*

Zhejiang moves to dismiss Count II of the amended complaint on the grounds that this Court lacks both general and specific personal jurisdiction over it. Lorusso in his response seemingly concedes the lack of general jurisdiction, arguing only that the Court has specific personal jurisdiction over Zhejiang.

Because this Court is exercising diversity jurisdiction, it must apply the personal jurisdiction rules applicable to Illinois state courts. *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912 (7th Cir. 2015). The reach of Illinois' long-arm statute is coextensive with what the Fourteenth Amendment permits. 735 ILCS 5/2-209. Thus the question of personal jurisdiction in a diversity case is resolved in accordance with federal due process jurisprudence. *Philos Techs.,* 802 F.3d at 912. For a court to exercise jurisdiction over a defendant consistent with due process, the defendant must have sufficient contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). In a products liability case, an exercise of jurisdiction is not consistent with "traditional notions of fair play and substantial justice" unless the defendant "purposefully avails itself of the privilege of conducting activities within the forum state." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). It is not enough that the defendant expected or predicted its goods would end up in the forum state. *Id.* at 2788. Rather, the defendant must have targeted the forum state through some affirmative act. *Id.*

Here, Zhejiang has presented by affidavit the following facts: it has no offices, no property, and no employees in Illinois; it has no license to conduct business in Illinois; and it does not advertise its products in Illinois. Lorusso provides no countervailing affidavits or documents, but merely argues that Zhejiang targeted Illinois by contracting with Menards because it must have known in which states in Menards stores are located. Lorusso's proposition that Zhejiang knew Menards had stores in Illinois is an assumption not supported by any documents in the record. But even accepting that assumption as an established fact would not trigger denial of Zhejiang's motion to dismiss. Lorusso would also have to show that Zhejiang knew its products would be offered in Menards' Illinois stores and that Zhejiang affirmatively sought that result. He has not done so here. Having declined

to file any affidavits or exhibits making any factual showing to contradict Zhejiang's position, Lorusso has not met its burden in establishing that personal jurisdiction over Zhejiang exists.

*AMG Motion to Dismiss*

AMG via affidavit rejects the contention that it was a manufacturer of the allegedly defective chair and asserts that it was merely a distributor of chairs manufactured by Zhejiang. It therefore moves to dismiss Count III of the amended complaint pursuant to Illinois' "seller's exception" because the proper manufacturer-defendant, Zhejiang, is already a party to the suit. Lorusso argues that he has alleged that the exemptions from the seller's exception ("subparagraph (c) exemptions") apply here and therefore he should be permitted to conduct discovery regarding AMG's role in creating the allegedly defective chair. However, by the text of the statute, defeating the seller's exception requires some evidentiary *showing*, not just allegations. *Id.* Furthermore, if a non-manufacturer has by affidavit disavowed that the subparagraph (c) exemptions apply and the plaintiff has failed to submit counter-affidavits or other contradicting evidence, dismissal is warranted. *Lamkin v. Towner,* 563 N.E.2d 449, 459 (Ill. 1990). If discovery against the remaining party, Menards, reveals that the subparagraph (c) exemptions apply to AMG, Lorusso can move for reinstatement. *See, e.g., Lexington Ins. Co. v. Office Depot, Inc.*, 943 F. Supp. 2d 844, 849 (N.D. Ill. 2013) (Leinenweber, J.).

**Conclusion**

For the foregoing reasons, Defendants' motions to dismiss [10] and [25] are granted. Counts II and III brought against Zhejiang and AMG, respectively, are dismissed with prejudice. Count I against Menards remains.

       IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: February 23, 2016